UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAURENCE D. LOOZE, JR.,
    Plaintiff,

vs.                                        Case No.: 3:21cv01047/LAC/ZCB

ESCAMBIA COUNTY BOARD OF
COMISSIONERS, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docs. 1, 5). Presently before the Court is Plaintiff's Second Amended Complaint. (Doc. 29). The Court is statutorily required to screen Plaintiff's Second Amended Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). Having reviewed the Second Amended

1

Complaint, this case should be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

## I.     Background

Plaintiff names seven Defendants in this case: (1) Escambia County Board of Commissioners (ECBC); (2) Lieutenant Walker, a supervisor at Escambia County Jail; (3) Corrections Officer Slusser; (4) Corrections Officer Shelby; (5) Corrections Officer Duncombe; (6) Corrections Officer Bierman; and (7) Corrections Officer McQueen. (Doc. 29). The corrections officers are sued in their official capacities only. (*Id.*). In summary, Plaintiff alleges Defendants ECBC and Lieutenant Walker failed to maintain sanitary conditions at Escambia County Jail, and that Defendant ECBC failed to ensure adequate access to medical treatment, dental care, and the law library. (*Id.*). Additionally, Plaintiff alleges all seven Defendants failed to adhere to Covid-19 protocols. (*Id.*). Plaintiff seeks $300,000 in compensation for these "ongoing" issues. (*Id.*). The Court has given Plaintiff an opportunity to amend his complaint to state a plausible claim for relief (Doc. 11), yet it remains deficient.

---

[1] Plaintiff has been provided with an opportunity to amend his complaint when a prior version was found deficient. (Doc. 11). The Second Amended Complaint continues to suffer from many of the same deficiencies. Thus, dismissal is warranted. *See generally Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014) (affirming dismissal where the district court previously provided the plaintiff with opportunities to amend yet the deficiencies remained).

## II. Screening Standard

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

Plaintiff has filed a civil claim under 28 U.S.C. § 1983 challenging the conditions of his confinement. Plaintiff says the conditions violated the Fifth, Eighth, and Fourteenth Amendments. (Doc. 29 at 9). It is unclear how Plaintiff believes the Fifth Amendment (which deals with the right against self-incrimination, due process, takings of property, double jeopardy, and the right to a grand jury indictment) was violated by the conditions of his confinement. Thus, the Court will focus its analysis on Plaintiff's claims under the Fourteenth and Eighth Amendments—constitutional provisions that can be implicated by conditions of confinement.

Because Plaintiff was a pre-trial detainee at the Escambia County Jail when the circumstances leading to his unconstitutional conditions of confinement claim arose, his Eighth Amendment cruel and unusual punishment claims are reviewed under the Fourteenth Amendment Due Process Clause. *See Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). But the standard for providing basic human needs to incarcerated or detained individuals is the same under both the Eighth and Fourteenth Amendments. *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (explaining that the Eighth Amendment's prohibition on conditions of confinement that amount to cruel and unusual punishment also applies to pre-trial detainees). As explained below, Plaintiff has failed to state a plausible claim that

4

Defendants violated his Eighth and Fourteenth Amendment rights due to the conditions of his confinement.

### A. Plaintiff fails to state a plausible municipal liability claim under the Eighth and Fourteenth Amendments.

Plaintiff has sued the ECBC, as well as numerous municipal employees (i.e., Escambia County correctional officers) in their official capacities. (Doc. 29 at 2-4). Claims against municipal employees in their official capacities are considered claims against the municipality itself. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, the official capacity claims Plaintiff raises against the individual officers will be treated as claims against the municipality itself—here, Escambia County.

To state a claim against a municipality under § 1983, a plaintiff must show that (1) "his constitutional rights were violated"; (2) the county "had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In other words, the plaintiff must identify a particular municipal "policy" or "custom" that caused the constitutional injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). This legal doctrine is referred to as "*Monell* liability" because it was first announced by the Supreme Court in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

>   With respect to *Monell* liability claims:
>
>   [a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . [a] custom is a practice that is so settled and permanent that it takes on the force of law.

*Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999) (cleaned up). Because a municipality will rarely adopt an official policy permitting a particular constitutional violation, a plaintiff may also prevail if he shows that the municipality has a custom or practice of permitting certain actions and the municipality's custom or practice is the moving force behind the constitutional violation. *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003). "Proof a single incident of unconstitutional activity is not sufficient" to establish a custom, policy, or practice. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (internal quotations omitted).

Here, the Court has already instructed Plaintiff on the *Monell* liability standard for municipal liability claims and provided Plaintiff multiple opportunities to amend his complaint to satisfy that standard. (*See* Doc. 11 at 11-13). Yet, Plaintiff still has not done so. With respect to the alleged unconstitutional conditions of confinement, Plaintiff does not allege the existence of any policy, custom, or practice by the municipality regarding the conditions of confinement he complains about. Plaintiff's Second Amended Complaint fails to allege any facts suggesting that the ECBC knew about the conditions of which Plaintiff complains, knew that those conditions were widespread, or knew that any of the conditions posed a substantial

6

risk of serious harm to Plaintiff's health or safety. *See Johnson v. Solomon*, No. 4:21cv470, 2022 WL 3031232, at *5 (N.D. Fla. June 14, 2022), *adopted by* 2022 WL 3030535 (N.D. Fla. Aug. 1, 2022) (recommending dismissal of a municipality liability claim when "[n]o specific policy [wa]s mentioned or identified, and there [wa]s no basis to find that [the defendant's] actions were taken pursuant to a custom or practice"); *see also Struggs v. City of Birmingham*, No. 2:13-CV-338, 2015 WL 777659, at *7 (N.D. Ala. Feb. 24, 2015) (dismissing § 1983 case and explaining that the plaintiff had "failed to come forth with evidence the city has a custom or policy of permitting inhumane conditions of confinement" and failed to allege facts showing that defendants "had subjective knowledge of the existence" of the allegedly inhumane conditions).

The same is true of Plaintiff's complaints regarding medical treatment. Plaintiff claims that Defendants violated his Eighth Amendment rights by not providing adequate medical care for his "skin irritation." (Doc. 29 at 6). Plaintiff alleges he developed "issues" on his legs and feet due to the alleged unsanitary conditions set out above, and that it took him months to get treatment for his condition. (Doc. 29-1 at 2.). The Second Amended Complaint fails to allege facts showing that the municipality (i.e., ECBC) had a custom, policy, or practice of failing to provide medical care to inmates. *See Bunyon v. Burke Cnty.*, 306 F. Supp. 2d 1240, 1261-62 (S.D. Ga. 2004) (stating that the plaintiff failed to show that there

7

was a policy or practice of delaying or denying medical care to jail inmates). Similarly, the Second Amended Complaint fails to allege that Defendant ECBC had subjective knowledge regarding Plaintiff's inability to obtain medical care for his skin irritation. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (stating that a plaintiff must prove that the defendant had "subjective knowledge of a risk of serious harm" to prevail on an Eighth Amendment deliberate indifference to medical needs claim). Thus, Plaintiff has failed to state a plausible municipal liability claim under the Eighth Amendment based on the conditions of confinement or deliberate indifference to Plaintiff's serious medical needs.

**B. Plaintiff fails to state a plausible claim regarding dental care.**

Plaintiff's Second Amended Complaint also generally complains of the inconvenience of scheduling a routine dental appointment and having to pre-pay for dental procedures. (Doc. 29-1 at 3). Plaintiff's allegations are woefully insufficient to state a claim. Although, very broadly construed (as the Court must at this stage in the case), Plaintiff has alleged that the ECBC has adopted a policy or custom of requiring prepayment for dental services, Plaintiff has failed to explain how that policy violated the Constitution. He does not allege that the policy caused him an injury or exacerbated an existing injury. That is fatal to any claim that Defendants violated the Eighth Amendment by demonstrating deliberate indifference to Plaintiff's dental needs. *See Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306-07

(11th Cir. 2009) (stating that to prevail on a deliberate indifference claim, a plaintiff must show "causation between that indifference and the plaintiff's injury"); *see also Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (explaining that "section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation").  Thus, Plaintiff has failed to state a plausible claim regarding the dental care at the Escambia County Jail.  This claim should, therefore, be dismissed.

### C. Plaintiff fails to state a plausible claim for noncompliance with Covid-19 protocols.

The Second Amended Complaint also claims that Plaintiff's constitutional rights were violated because the Covid-19 "quarantine process is not practiced" at the Escambia County Jail.  (Doc. 29 at 8).  The Eleventh Circuit analyzes claims of deliberate indifference to Covid-19 risks similarly to Eighth Amendment deprivation of medical care claims.  *Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020). Thus, to prevail, a plaintiff must show a defendant "is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." *Id.* (quoting *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016)).  A substantial risk of serious harm is a subjective test, requiring the defendants to (1) have subjective, actual knowledge of a risk of serious harm; (2) and recklessly disregard that risk; (3) by conduct that goes beyond mere negligence.  *Lane*, 835 F.3d at 1308.  Reasonable responses to a risk, including those that ultimately fail to avert the harm, are not reckless.  *Farmer*

*v. Brennan*, 511 U.S. 825, 844 (1994). Reasonable responses to Covid-19 risks include "implementing some social-distancing measures, distributing face masks, screening inmates and staff, and providing cleaning and personal hygiene supplies." *Swain*, 961 F.3d at 1291. In the prison context, the "impossibility of achieving six-foot social distancing" does not equate to reckless disregard because impossibility "doesn't evince indifference, let alone deliberate indifference." *Id.* at 1287.

Here, Plaintiff has failed to sufficiently allege that Defendants were deliberately indifferent to a substantial risk of serious harm caused by Covid-19. Plaintiff complains that inmates "should be tested like the public was." (Doc. 29-1 at 3). It is unclear exactly what this means. Plaintiff also complains of officers not wearing masks on approximately four separate occasions. (Doc. 29 at 7). Plaintiff also vaguely complains about the quarantine process; it is unclear exactly what aspects of the quarantine process Plaintiff is complaining about. (*Id.*). The inmates were mandated to quarantine on at least three occasions. (*Id.*). Plaintiff states that an inmate became infected with the virus and was quarantined for at least three days. (*Id.*). There is nothing in the Second Amended Complaint indicating that Plaintiff contracted Covid-19 or in any way suffered an injury that was caused by Defendants alleged failure to follow Covid-19 protocols. *See Ransom v. Unknown Chatham Cnty. Corr. Staff*, No. CV 421-018, 2022 WL 1457970, at *3 (S.D. Ga. May 9, 2022) (stating that the plaintiff "has failed to allege deliberate disregard of risks" and "has

also failed to allege causation of injury" by defendant's alleged failure to follow Covid-19 protocols). Plaintiff has failed to sufficiently allege that Defendants acted with deliberate indifference regarding Covid-19. Thus, this claim should be dismissed.

### D. Plaintiff fails to state a lack of access to courts claim.

Plaintiff vaguely states that he "was refused law library" access. (Doc. 29 at 8). Although Plaintiff cites the Sixth and Fourteenth Amendments (*Id.* at 9), those amendments are not the basis for an access to courts claim. *See Jacoby v. PREA Coordinator*, No. 5:17-cv-00053, 2017 WL 2962858, at *9 n.8 (N.D. Ala. Apr. 4, 2017) ("Although the plaintiff repeatedly refers to a Sixth Amendment right to access to courts, such a right arises under the First Amendment."). Rather, an access to courts claim arises under the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996); *Chandler v. Baird*, 926 F.2d 1057, 1062 (11th Cir. 1991). To successfully allege such a claim, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. *Lewis*, 518 U.S. at 349. The type of prejudice that an inmate must allege is that which hindered his ability to bring a claim to court; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* Plaintiff

must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate basic constitutional rights." *Id.* at 354–55 (internal quotation marks omitted). Furthermore, Plaintiff must allege actual injury, "such as a denial or dismissal," and show that presentation of his case was impeded because of Defendants' actions. *Wilson*, 163 F.3d at 1290–91 (internal citation omitted); *see also Bass v. Singletary*, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. *Wilson*, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows the case that he was unable to pursue had arguable merit. *Lewis*, 518 U.S. at 353 n.3.

    Here, Plaintiff states that he was "refused access" to the library, but he gives no details as to the time, dates, or nature of his requests to access the library. (*Id.*). Nor does he explain who denied him access or how they denied it. Moreover, Plaintiff's barebones allegations do not hint at or demonstrate any actual injury or prejudice to Plaintiff's ability to present his case. He has simply alleged a lack of access to the law library, but "in an access-to-courts claim, a plaintiff cannot merely allege a denial of access to a law library . . . even if the denial is systemic. Rather, a plaintiff must demonstrate that the lack of a law library" impaired his ability to successfully litigate a matter. *Wilson*, 163 F.3d at 1291. Plaintiff has not done that

here, and therefore, the Second Amended Complaint fails to state a plausible access to courts claim. Thus, this claim should be dismissed.

## IV.   Conclusion

Plaintiff's factual allegations in the Second Amended Complaint are insufficient to state a plausible claim for relief. Therefore, the undersigned recommends that this case be dismissed Plaintiff's under 28 §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1.   This case be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2.   That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and**

**recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**